FILED
SUPERIOR COURT
OF GUAM

7... DEC 29 ... 11: 36

CL... ...
... 



## IN THE SUPERIOR COURT
## OF GUAM

CARLOS HADDAD,

           Plaintiff,

v.

CAROLINE PETER-HADDAD,

           Defendant.

Domestic Case no. DM 0476-08

**DECISION AND ORDER**

This matter was taken under advisement by the Honorable Judge Michael J. Bordallo on October 29, 2014, through the Rule 7.1 written objection to the July 1, 2014, Findings and Recommended Order of the Superior Court of Guam Child Support Referee. Plaintiff was represented by attorney William Benjamin Pole. The Defendant appeared *pro se*. The Guam Office of the Attorney General was represented by Assistant Attorney General Carol Fitch Baulos. Having considered the arguments, briefs, evidences and file herein, the Court enters the following order affirming the Referee's decision through harmless error.

## BACKGROUND

**I.**

Plaintiff Carlos Haddad and Defendant Caroline Peter-Haddad were married on December 24, 1990. (Findings and Order, Nov. 9, 2012, at 1). On June 7, 1997 they had a son. *Id.* The parties separated on December 1, 2005 and were divorced in October 13, 2011. (Final

Judgment and Decree of Divorce, Oct. 13 2011). On December 1, 2010, Plaintiff petitioned for a hearing regarding temporary child support. (Findings and Order, Nov. 9, 2012, at 1). Subsequent to the hearing, on November 9, 2012, the Guam Superior Court Child Support Referee entered its findings and order. *Id.* In it the Referee determined that the Plaintiff's total monthly child support obligation was $2,987.60 and denied Plaintiff's request for credit for his payment of rent and tuition. *Id.*

On September 11, 2013, the Court, reviewing the Referee's findings for obvious error ordered Plaintiff to pay Defendant an amount of $2,741.20 each month and held that Plaintiff was entitled to credit for any amounts he paid for the residence and schooling of the minor child. (Decision and Order, Sept. 13, 2013). The Court related back its findings and order to the Referee's November 14, 2011, verbal order. *Id.* The Court further found that Plaintiff's 5 GCA § 34116.1 argument, that the Court was prohibited from ordering back child support beyond a year, was not ripe for review, having not been raised or considered by the Referee. *Id.*

Accordingly the 5 GCA § 34116.1 issue was briefed and decided by the Referee in a Findings and Recommended Order issued on July 1, 2014. (Findings and Recommended Order, July 1, 2014). In its order the Referee frames the issue as, the amount of time a court may award retroactive child support. *Id.* at 2. To review this issue the Referee first identifies what it views as a facial contradiction in Guam's retroactive child support statues, 5 GCA § 34105 and 5 GCA § 34116.1. *Id.* at 2-4. However rather than identifying which *statute controls or repeals* the other, the Referee, citing the recently concurrent amendments to each, found that it was the legislature's intention for the two to operate in conjunction. *Id.* at 4. Accordingly, in an effort to harmonize the two, the Referee, citing to the Guam Code's regulating of paternity[1]

---

[1] The Referee cites sections 34119.3 and 34119.4 of the Guam Code. (Findings and Recommended Order, July 1, 2014, 1).

acknowledgment and a similarly worded Michigan Statute,[2] found that 5 GCA § 34116.1's written paternity acknowledgement exception, should be narrowly limited to those cases where paternity is disputed. *Id.* at 5-6. Applying this conclusion to this case the Referee denied Defendant's request for retroactive support. *Id.* at 8.

**II.**

The Child Support Division of the Office of the Guam Attorney General (hereafter Child Support) filed an objection to the Referee's decision on July 16, 2014. (Objection to Referee's Decision, July 16, 2015, 1). In it Child Support argues that the Referee ignored 5 GCA § 34105's statutory history and reasons that section 34105 was intended to repeal section 34116.1 and that Plaintiff should be liable for child support from the date he left the marital home. *Id.* at 1-5. Child Support refutes the Referee's finding of legislative intent by arguing that although both statutes were concurrently amended in 1994, that section 34116.1's amendments were not substantive and dealt solely with securing federal funding. *Id.* at 2-3. Additionally and saliently it argues that section 34105 was again amended in 1997 to include the exceptions at issue here. Id. at 4-5.

It further argues that section 34116.1 was only designed to regulate how support is to be determined for the period that a support action is pending, while section 34105 is designed to regulate who may request the entry, modification and enforcement of child support, past and prospective. *Id.* at 3-4. *Child Support argues that it was error and contrary to the Guam Legislature's stated statutory intent to act in the best interest of the child and the island for the Referee to hold that the undisputed non-custodial parent should not be required to pay for the support of his child because the petition was filed more than six years after his birth. Id.* at 5.

Subsequent to Child Support filing its objection, the Referee filed its request for review

---

[2] Michigan State Statue M.C.L. § 772.717(2)(a).

on July 17, 2014. (Request for Review July 17, 2014, at 1). The Court set the matter for a hearing on October 1, 2014. At the hearing Plaintiff was allowed two weeks to file an opposition brief.

Plaintiff filed its opposition to Child Support's objection on October 15, 2014. (Plaintiff's Opposition to Government's Objection to Referee's Decision to Limit Arrears Period under 5 GCA § 34116.1, October 15, 2014, at 1). Citing the Guam Supreme Court's decision in *Palomo,* the Plaintiff argues the Referee did not abuse its discretion to limit the child support arears to the date of the filing of the Divorce. *Id.* 1-2. Citing the permissive language of the statute and asserting that Plaintiff actively provided housing, schooling, music lessons, medical and dental care, Plaintiff first argues that the Referee's decision can be supported by equity and law. *Id.* at 3-4. He further asserts that there is no suggestion on the record that he did not try his best to provide for his son during the pre-petition period. *Id.* at 5. He emphasizes that he was the parent who ultimately initiated child support proceedings subsequent to the parties divorce. *Id.* Plaintiff argues that if the purpose behind child support is to encourage the noncustodial parent to take responsibility of his/her child, it would not make sense to penalize the noncustodial parent by requiring pre-petition support in every case. *Id.*

## DISCUSSION

### I.

The first issue of disputed significance herein is the appropriate standard of review. In 2012 the Guam Supreme Court in *Palomo* explained that an in-depth review of a referee's recommendation before ratification would be imprudent. *Palomo v. Manglona,* 2012 Guam 18 ¶ 23. Citing its decision in *Lamb v. Hoffman,* 2008 Guam 2 ¶ 41 the Court indicated that while under a 10 day limited period of review the standard of review should be one of correcting obvious error. *Id.* This past year however, in *Harper v. Harper,* the Guam Supreme Court held that no additional time period (the 10 day limited period referred to above) is imposed upon the

Guam Superior Court --- when, pursuant to the Guam Rules of Expedited Process, a Referee's findings and recommended order receive a written objection and are then referred to the Superior Court. *Harper v. Harper*, 2014 Guam 9 ¶¶ 10-16. Given this history and the Court's prior precedential review of similar matters, the Court will review the Referee's findings and recommended order for obvious error. *Palomo v. Manglona*, 2012 Guam 18 ¶ 23.

**II.**

In this case Plaintiff requested that the Referee determine the amount of prior petition support he was obligated to pay Defendant, the primary custodian of the minor child. (Findings and Recommended Order, July 1, 2014). The parentage of the minor is not disputed, nor are any material facts, relevant to the Referee's decision. The Parties dispute the Referee's reconciliation of Sections 34116.1 and 34105 of Title 5 of the Guam Code as they apply to the issue of Plaintiff's obligated support.[3] Here the Referee first finds that the statutes are facially

---

[3] These Sections Provide:

§ 34105 Action.

(a) I Liheslaturan Guåhan [The Guam Legislature] has determined there is public policy in favor of establishing paternity, of having parents support their children, and in having fair and equitable support orders. Therefore, whether or not the minor children have been or are recipients of public assistance, the Department acting in the best interests of the children and the Island of Guam, may bring an action in its own name or join in an action already in existence against the person or persons responsible for the support of such children:
(1) to recover such amounts of back support and any other amounts as may be due and owing under an existing court order, whether owed to the Department or to the custodial parent or other person having custody of the minor child;
(2) for a continuing order of support for the benefit of such children;
(3) to establish paternity;
(4) to move to modify existing orders up or down as the circumstances and equity demand;
(5) to obtain orders of wage assignment;
(6) to recover amounts for which a parent is legally liable to Guam as a result of public assistance having been granted due to the separation or desertion of the parent from his or her child or children;
(7) to recover necessary expenses incurred by or for the

mother in connection with the birth of her child, for the funeral expenses if the child has died, for expenses incurred in connection with pregnancy of the mother, except as limited by (b) of this Section;

(8) to recover reimbursement of the cost of support for the child before the commencement of the action, determined by using the appropriate Child Support Guidelines currently in effect, except as limited by (b) of this Section; and

(9) to obtain orders requiring the obligor owing back support to pay in accordance with a plan approved by the court or child support enforcement agency, and to seek court ordered job searches as necessary for unemployed or underemployed absent parents; provided, that if an obligor is under an approved payment plan but not working and not incapacitated, the obligor shall be ordered to participate in a job search.

(b) If an action is commenced after the lapse of more than six (6) years from the birth of the child, an amount shall not be awarded for expenses or support under (a)(7)-(8) of this Section that accrued before the date on which the action was commenced unless one (1) or more of the following circumstances exists:

(1) Paternity has been acknowledged by the father in writing in accordance with applicable statutes.

(2) The non-custodial parent is out of the Island of Guam, was avoiding service of process, or threatened or coerced the custodial parent not to file an action during the six (6) year period. The court may award an amount for expenses or support that accrued before the date the action was commenced if the action was commenced during a period of time equal to the sum of six (6) years and the time the non-custodial parent was out of the Island of Guam, was avoiding service of process, or threatened or coerced the complainant not to bring an action under this Chapter.

(c) If a family ceases to receive public assistance under the Title IVA program of Guam, the Child Support Enforcement Agency shall provide appropriate notice to the family that the Child Support Enforcement Agency will continue to provide services to the family, unless the family provides written notice of request not to do so, and the Child Support Enforcement Agency shall continue to provide such services, subject to the same conditions, and on the same basis as in the case of other individuals to whom services are provided, except that an application or other request to continue services shall not be required of such family.

5 GCA § 34105 (2013).

§ 34116.1. Defense to Support if Income Different.

As to cases filed after the effective date of this section, in any action for paternity, guardianship, child support, divorce, or separate maintenance, in which there is a minor child or minor children and for which there is no previous order (temporary or permanent) for child support, the court may in such cases enter an order for child support effective *nunc pro tunc* to the date of the filing of the complaint but not exceeding one (1) year; provided, however, that reasonable provisions shall be made for payment of such amounts, if paid as ordered. The obligor may raise as a defense to such entry *nunc pro tunc* that the obligors income between the time of filing the complaint and the date of the order was such that during such period the

contradictory, their joint application absurd. *Id.* at 4. After reviewing this finding under the appropriate standard the Court is unable to find that the two statutes in question obviously contradict in a manner which necessitates repeal or the narrow interpretation applied by the Referee.

While it is most apparent from a review of the statutes' evolutionary and legislative history, it is equally clear from a plain reading of the statutes that while section 34116.1 governs petitions for support generally, section 34105 is simply a specific and limited grant of additional authority to the government; the provisions of a general statute must yield to those of a special one, *generalia specialibus non derogant.* 5 GCA §§ 34105 and 34116.1 (2013); Pub. L. 18-17 at 5, 22-99 and 24-116. Since 1985, while the grant of specific authority given the government in the iterations of section 34105 has fluctuated over the past 20 years, the general regulation governing private petitions for support in section 34116.1 has not. *Id.*

Currently private petitions, by the plain terms of section 34116.1, are limited to support orders whose effective dates may at most date back to the date of the support request but not exceeding one year. 5 GCA § 34116.1 (2013). Child Support filed or joined petitions may, depending upon the applicable exceptions, date back to a date, "before the date on which the action was commenced." 5 GCA §§ 34105 (2013)(a), (a)(7), (a)(8), (b), (b)(1) and (b)(2). While this section allows for pre-petition support to be ordered and the amount determined, *it* does not direct how far back an order may or should reach. *Id.* The statute being thus silent falls within the Court's designated discretion and equitable authority to act in the best interest of the children and the island of Guam. 5 GCA § 34105(a) (2013); See, *Guam Memorial Hospital*

---

obligor would have been unable to pay such child support or could only have reasonably paid reduced child support during such period.

*Authority v. Civil Service Commission*, 2014 Guam 27 ¶ 13 (When a statute is silent or ambiguous on a particular point, the court may defer to the agency's interpretation); *United States v. Gonzalez*, 250 F.3d 923, 929 n. 8 (5th Cir. 2001)(when the policy statements in the Guidelines are silent as to the decision of whether to run multiple sentences concurrently or consecutively, the district court has statutory discretion to make the decision); *Conetta, 236 F.3d at 77; Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 224–25 (1st Cir. 1996) (If the particular federal statute is silent, courts have discretion to select an appropriate rate).

Other than Plaintiff's undisputed assertion of having met the 90 day residency requirement, in this litigious and lengthy matter, it is unclear what contacts either party has with this island jurisdiction.[4] (Verified Complaint, July 29, 2008. at 1; Answer to Counterclaim, January 6, 2009, at 1); 19 GCA § 8318. The Parties were married in New York on December 24, 1990, and had a son on June 07, 1997, and have lived the majority if not entirety of their lives in foreign jurisdictions, the minor child exclusively in Saudi Arabia, Thailand and Washington State. (Findings of Fact and Conclusions of Law, August 4, 2011, at 1; Defendant's Trial Brief, Jan. 24. 2011; Plaintiff's Proposed Findings of Fact and Conclusions of Law, Feb. 24. 2011). Plaintiff began working for the United Nations in 1998, after which the Parties moved to Saudi Arabia and then Thailand where they separated. (Findings and Order, November 9, 2012).

From a review of the verifiable assertions of the Plaintiff, regarding his payment of housing and schooling for the minor child, paid prior to the filing of the support petition, for which he shall be given credit, it is unlikely that Plaintiff would be required to pay any

5 GCA § 34116.1 (2013).
[4] This fact was not found by the Court in its August 4, 2011, Findings of Fact and Conclusions of Law. (Findings of Fact and Conclusions of Law, August 4, 2011, at 1-3).

additional support. (Decision and Order, September 11, 2013; Submission of Plaintiff's Original Declaration for Rule 7.1 Written Objection, July 23, 2011). This is true even if the Court were to require the entry of a support order from the December 1, 2005, date of separation to the December 1, 2010 petition for determination of child support date.[5] *Id.*

Balancing the broad authority and equitable charge in 5 GCA § 34105(a) with the limited resources of our small island, it is difficult to justify efforts the government has expended in this case, in its 6 year history. While the Legislature through its amendments has granted Child Support with broad authority to attempt collect pre-petition support in any case, *this broad discretion is checked by the Court's ability to determine how far back a support order may reach.* 5 GCA § 34105(b). Under these facts the Court is unable to justify the entry of an order before the Plaintiff's first pleading.

//

//

//

---

[5] Excluding private school tuition costs, Plaintiff verifiably asserts that he paid through his employer a minimum of $149,143.80 in housing costs for the minor during this period. Based upon Plaintiff's current and likely higher support obligation of $2,741.20 each month ordered by the Court on September 13, 2013, Plaintiff's obligation for a five year period would be $164,472.00.

## CONCLUSION

As set forth above the Court finds that the Referee committed obvious, though harmless error. Accordingly Caroline may only seek support dating back to July 29, 2008, the date of Plaintiff's Verified Complaint for Divorce.

SO ORDERED, this 29th day of December, 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of
Attorney William Pole
AGS Paul Baulos
Date 12 29 14 Time: 12:04~

Copy Clerk Superior Court of Guam